**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re EDWARD ERIC DUNN, ) | Case No. 11-60847-LYN |
| ) | |
| Debtor. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes on for hearing on the court's order to show cause that issued against Tawana Shephard, Esq. ("Counsel").

### *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This court may render a final order.

### *Facts*

On January 19, 2011, Counsel filed a petition on behalf of Edward Eric Dunn ("the Debtor") with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, in order to avoid a foreclosure sale of the Debtor's home which sale was scheduled for the following day.

The Summary of Schedules was blank. On Schedule A, Counsel listed real property described only as "residence" at a value of $206,500.00 with a claim secured by the property in the amount of $206,500.00 [sic]. Neither the legal description nor the common name of the

1

"residence" was provided on Schedule A.  Schedule B listed a 2007 Ford Taurus.  No value was scheduled for the vehicle.  Schedules C (Exemptions) was blank.  Schedule D (Secured Claims) disclosed two claims including an apparent mortgage held by BAC Homeloan Servicing LP, ("BAC") in the amount of $323,400.00.  The property securing the BAC debt was not described.  The Statement of Financial Affairs was incomplete and disclosed only that the Debtor had paid Counsel's law firm, The Glenmore Law Firm, $2,000.00 pre-petition and that the Debtor had made a charitable gift to his church in the amount of $1,200.00 pre-petition.  No Attorney Disclosure Statement was filed.

On March 23, 2011, venue was transferred to the Bankruptcy Court for the Western District of Virginia, Lynchburg Division.

On March 30, 2011, Counsel filed a Chapter 13 plan with the Clerk of this Court on behalf of the Debtor.  The Chapter 13 plan provided for payments of $208.00 per month for sixty months, and disclosed that the payments would result in a dividend of 10% to the unsecured creditors.  Counsel never filed any other pleadings in this case.

On March 31, 2011, this Court issued an order directing the Debtor to cure the deficiencies in the petition and schedules.  Counsel failed to do so on behalf of the Debtor.  On May 4, 2011, an order issued from this court directing the Debtor to appear before this court on May 23, 2011, and show cause why this case should not be dismissed for failure to file form B22 and the Attorney Disclosure Statement.  Counsel appeared at the hearing.   The court ruled that the show cause would be dismissed upon compliance with the May 4, 2011, order.  Counsel represented to this Court that she would file the requisite pleadings including the Attorney Disclosure Statement.  She failed to do so.

On June 21, 2011, this court filed an order directing Counsel to appear before this court on July 18, 2011, and show cause why this case should not be dismissed. Counsel did not receive notice of the hearing and so she did not appear.

Also on June 21, 2011, Larry L. Miller, Esq., ("Mr. Miller") replaced Counsel as attorney for the Debtor. On July 1, 2011, Mr. Miller filed an amended summary of schedules, amended schedules A-J, a statement of financial affairs, two special notices to secured creditors, a notice of proposed adequate protection payments, and an amended Chapter 13 plan on behalf of the Debtor. The Chapter 13 plan was confirmed by order entered on the docket in this case on August 17, 2011.

At the July 18, 2011, hearing on this matter, Mr. Miller proffered that Counsel advised the Debtor to cease making his mortgage payments and send her the money instead. Mr. Miller also proffered that the Debtor had paid Counsel's law firm a total of $6,500.00. Counsel has not denied that she received at least this amount of money.

On July 22, 2011, an order issued from this court directing Counsel to appear on August 15, 2011, and show cause why she should not be ordered to disgorge fees received by her in the amount of $6,500.00 and further show cause why she should not be sanctioned for failing to file pleadings with the Clerk of this Court as she represented she would on May 23, 2011, and for otherwise abandoning her client.

*Discussion*

A court may award to a professional person reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses. 11 U.S.C. §

330(a)(1)[1]. The court may award compensation that is less than the amount of compensation that is requested. 11 U.S.C. § 330(a)(2). In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (1) the time spent on such services; (2) the rates charged for such services; (3) whether the services were beneficial at the time at which the service was rendered toward the completion of a bankruptcy; (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (5) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3).

A bankruptcy court may deny fees or compel an attorney to disgorge fees on the ground that the services rendered were not necessary because they provided no benefit, and could have

---

[1] Section 330(a) provides

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103--
(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
(B) reimbursement for actual, necessary expenses.
(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
(3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
(A) [so in the original] the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

provided no benefit, to the debtor or the bankruptcy estate.  See, e.g., Grunewald v. Mutual Life Insurance Company of New York  (In re Coones Ranch, Inc.), 7 F.3d 740 (8th Cir. 1993) (A bankruptcy court may order an attorney to disgorge fees on the ground that her services rendered no benefit to the estate.) and In re Lederman Enterprises, Inc., 997 F.2d 1321, 1324 (10th Cir. 1993) (Attorneys' services in attempting to obtain confirmation for debtor's proposed Chapter 11 plan conferred no benefit on estate and were not "necessary" services for which compensation could be awarded..).

During the five-month period that she was the Debtor's attorney, Counsel engaged in three tasks on behalf of the Debtor, only one of which benefitted the Debtor.   First she filed a "skeleton" bankruptcy petition.  The Debtor benefitted from this act in that it effected the creation of the automatic stay, thus halting the foreclosure sale of the Debtor's residence, which sale was scheduled for the following day.

Second, she filed a Chapter 13 plan on behalf of the Debtor.  The plan failed to include the amount of the Debtor's assets or debt.  The plan made no provision for adequate protection payments to secured creditors.  The plan made no provision for payments to secured creditors Carmax Auto Finance and WFNNB.  The plan made no provision for the ongoing mortgage payments  to BAC.   The Plan made no provision for payment of the arrearage in the amount of $9,087.89 that was owed to BAC.  Further, no amended plan was filed during the ensuing five months during which Counsel represented the Debtor.  While this court understands that on occasion it is necessary to file an abbreviated petition, it is rare to see such an abbreviated plan.  The plan was patently unconfirmable on its face and so it provided no benefit, and could not have provided any benefit, to the Debtor or the estate.

Third, Counsel engaged a third party to negotiate a modification of the Debtor's mortgage. The loan modification process never came to fruition during the five-month period that Counsel represented the Debtor. This task provided no benefit to the Debtor.

For these three tasks, Counsel collected $6,500.00.

A comparison of her successor's services further reveals the limited extent to which Counsel's services benefitted the Debtor. Within two months after being appointed, Mr. Miller collected the Debtor's financial information, filed all of the necessary documents (including amended schedules and statement of financial affairs) to prosecute this case, obtained confirmation of the Debtor's Chapter 13 plan and processed the Debtor's loan modification application to conclusion.[2] For completing all of these services, Mr. Miller will be compensated a total of $2,500.00. The information provided in the schedules that were filed by Mr. Miller reveals that the schedules filed by Counsel were so incomplete as to be of no benefit to the Debtor.

Finally, it should be noted that Counsel asserted at the hearing on this matter that not all of the fees she collected were for prosecuting this Chapter 13 case. If Counsel had filed a Attorney Disclosure Statement, then the court would have facts in the record that would apprise it of the amount for other services. But Counsel failed to file such a statement when she filed the petition. Nor did she file such a statement when after she represented to the court that she would do so. Nor has she filed such a statement in the intervening two-and-one-half months. Because she has yet to file the Attorney Disclosure Statement, the court is without a proper record to take her assertion into account.

---

[2] The application for a loan modification was denied.

By filing the abbreviated petition, Counsel was able to prevent BAC from foreclosing on the Debtor's residence. The court perceives no other benefit to the Debtor from her representation. In light of the fact that this court allows $2,500.00 in compensation for the complete prosecution of a Chapter 13 case through confirmation, the benefit bestowed upon the Debtor by counsel can be worth no more than $1,500.00. Accordingly, Counsel shall disgorged $5,000.00 in fees as directed in the accompanying order.

## ORDER

For failing to properly prosecute the Debtor's bankruptcy case and for abandoning her client, and because she has provide only $1,500.00 in benefit to the Debtor but has been paid $6,500.00, Tawana Shephard, Esq., is hereby ordered to disgorge fees in the amount of five-thousand dollars ($5,000.00). The same shall be due and payable to Larry L. Miller, Esq., counsel for the Debtor, within 10 days of the date the entry of this order on docket. Mr. Miller shall hold the same in his trust account pending further order of this court.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Tawana Shephard, Esq., Mr. Larry L. Miller, Esq., the United States trustee and the Chapter 13 trustee.

Entered on this  18th  day of August, 2011.

William E. Anderson
United States Bankruptcy Judge